No. 2128.—Succession of E. M. Young, on Opposition to Appointment of Executor.

A tutor residing in a foreign country or in another State of the Union can not receive letters of tutorship from the courts of Louisiana, nor be recognized as testamentary executor without first giving bond and security under such conditions as are required by law from dative testamentary executors. Acts of 1842, sec. 5, page 302.

APPEAL from the parish of St. Helena, Sixth Judicial District. George, Parish Judge, presiding. McVea & Hunter and J. E. Wilson, for appellant, T. & J. Ellis, for executor, appellee.

TALIAFERRO, J. The appellee moves the dismissal of this appeal on the following grounds, viz:

First—There is no final judgment appealed from, but a mere motion only upon which there was no citation, no service nor delay, no contestatio listis. That the motion concludes nothing.

Second—If the appeal would lie, the appeal bond is defective, being in favor of the Clerk of the Parish Court of the parish of St. Helena, there being legally no such officer.

Third—The certificate is not signed by the judge but by a person styling himself Clerk of the Parish Court, there being constitutionally no such officer.

An examination of the record shows us that the motion of the appellant in the lower court to be appointed dative testamentary executor of the succession of E. M. Young, on the ground that Huston, the foreign executor, had not complied with the law by entering into bond, was opposed by Huston, who introduced rebutting evidence, and thus accepted the issue tendered him. He thereby waived the formality of being proceeded against by petition and citation. This ground for dismissal is therefore insufficient. The objection to the bond and certificate we think without weight; the clerks of district courts are by law required in certain cases to perform the duties of clerks in the parish courts. The motion to dismiss is therefore overruled.

On the merits there is only the simple question, whether a foreign tutor is required by the law of Louisiana to furnish security? The act of the Legislature of 1842 is express on this subject: "Whenever the testamentary executor named in the will shall be present in the State, but domiciled out of it, the judge shall only grant him the letters on the execution of his bond with a good and solvent security for

such sum and under such conditions as are required by law from dative testamentary executors." We think the judge *a quo* erred in recognizing Huston as executor without requiring from him bond and security in conformity with the act just recited; and that in consequence thereof the appointment is void. A case is presented in which the judge is required to appoint a dative testamentary executor according to the fifth section of the act of 1842, page 302.

It is therefore ordered, adjudged and decreed that the judgment of the lower court dismissing the application of John L. Young to be appointed dative testamentary executor of the estate of E. M. Young, deceased, be annulled, avoided and reversed. It is further ordered that the judge *a quo* proceed to the appointment of a dative testamentary executor in pursuance of the fifth section of the act of the Legislature, approved sixteenth of March, 1842, entitled "An act explanatory of the nine hundred and twenty-fourth article of the Code of Practice for the administration of the succession of strangers dying possessed of property within the State of Louisiana, and for other purposes. The defendant and appellee paying costs in both cases.

Rehearing refused.